J-A07018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TONIA VIRNELSON, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF JAMES K. VIRNELSON, DECEASED | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| | : : | No. 3430 EDA 2017 |
| JOHNSON MATTHEY, INC., JOHNSON MATTHEY PHARMACEUTICAL VENTURES, JOHNSON MATTHEY PHARMACEUTICAL MATERIALS, INC., JOHNSON MATTHEY PROCESS TECHNOLOGIES, INC., 3V, INC., 3V TECH S.P.A., 3V TECH USA, LANMARK ELECTRIC, INC., IPS-INTEGRATED PROJECT SERVICES, LLC IPS-INTEGRATED PROJECT SERVICES, CORP., IPS-INTEGRATED PROJECT SERVICES, INC., D/B/A IPS INTEGRATED PROJECT SERVICES, LLC., UNITED INSPECTION AGENCY, INC., MCFLUSION, INC., AND MCFLUSION CORP. | : : : : : : : : : : : : : : : : : : | |
| APPEAL OF: JOHNSON MATTHEY, INC., JOHNSON MATTHEY PHARMACEUTICAL VENTURES, JOHNSON MATTHEY PHARMACEUTICAL MATERIALS, INC., | : : : : : | |

Appeal from the Order September 28, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): No. 01608

| | | |
|---|---|---|
| TONIA VIRNELSON, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF JAMES K. VIRNELSON, DECEASED | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |

|   |   |   |
|---|---|---|
| v. | : | |
| | : | |
| | : | No. 1253 EDA 2018 |
| IPS-INTEGRATED PROJECT | : | |
| SERVICES LLC., IPS-INTEGRATED | : | |
| PROJECT SERVICES CORP., IPS- | : | |
| INTEGRATED PROJECT SERVICES | : | |
| INC., D/B/A IPS INTEGRATED | : | |
| PROJECT SERVICES LLC., HAZTEK | : | |
| INC., A & B PROCESS SYSTEMS, | : | |
| CORP. AND COVEX, LLC. | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: JOHNSON MATTHEY | : | |
| INC., JOHNSON MATTHEY | : | |
| PHARMACEUTICAL VENTURES, | : | |
| JOHNSON MATTHEY | : | |
| PHARMACEUTICAL MATERIALS INC. | | |

Appeal from the Order Entered April 12, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  November Tem, 2015  No. 01608

BEFORE:   OLSON, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED JULY 25, 2019**

In these consolidated appeals, Johnson Matthey, Inc., Johnson Matthey
Pharmaceutical Ventures, and Johnson Matthey Pharmaceutical Materials, Inc.
(collectively, "Appellants"), appeal from the September 28, 2017 Order
entered in the Philadelphia County Court of Common Pleas granting Appellee
Tonia Virnelson's Motion to Compel the production of, *inter alia*, an expert's
report.[1]  Appellants also appeal from the April 12, 2018 Order granting in part

---

\* Former Justice specially assigned to the Superior Court.
[1] On October 22, 2018, Appellee Virnelson filed an Application to Withdraw her Brief in which she represented to this Court that she and Appellants had

- 2 -

and denying in part their Motion for a Protective Order. After careful review, we vacate the trial court's September 28, 2017 and April 12, 2018 Orders, and remand for further proceedings.[2]

This case arises from the July 17, 2015 death of James Virnelson. Virnelson was exposed to excessive levels of nitrogen causing him to lose consciousness and fall to his death while working on an industrial-grade pressure filter dryer at a pharmaceutical plant owned by Appellants.

Within five days of Virnelson's death, on July 22, 2015, Appellants retained the services of Baker Engineering and Risk Consultants ("BakerRisk"), an independent consulting firm, to conduct a site safety investigation and determine the cause of Virnelson's fatal accident. BakerRisk

_____

reached a settlement agreement. *See* Application, 10/22/18, at ¶ 3. By Order dated March 8, 2019, this Court denied Appellee Virnelson's Motion.

By Orders dated March 8, 2019, this Court also granted the Applications filed by Appellees, 3V, Inc. and 3V Tech S.p.A., and Appellees, IPS-Integrated Project Service, LLC, IPS-Integrated Project Services, Corp., and IPS-Integrated Project Services, Inc. d/b/a IPS-Integrated Project Services, LLC to amend their Appellate Briefs to adopt and incorporate by reference the Brief and arguments made by Appellee Virnelson.

[2] Because these Orders pertain to the discovery of privileged materials, they are appealable collateral orders. *See* Pa.R.A.P. 313 ("An appeal may be taken as of right from a collateral order[.] . . . A collateral order is an order separable from and collateral to the main cause of action where the right involves is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost."); *Dodson v. DeLeo*, 872 A.2d 1237, 1240 (Pa. Super. 2005) ("This court has previously relied on the collateral order doctrine to exercise review of discovery orders involving privileged material.").

assigned its employee, Michael Broadribb ("Broadribb"), to handle the matter. Following his investigation, Broadribb prepared a report (the "Broadribb Report").

Two and a half weeks after Virnelson's death, on August 3, 2015, counsel for Appellee sent a letter to Appellants informing them that Appellee had retained his firm to represent them. On November 11, 2015, Appellee filed a Complaint initiating this case, alleging that Appellants' inadequate safety practices at the plant caused Virnelson's death, and that the pressure filter dryer was defectively designed and/or installed.

During the course of discovery in this matter, Appellee became aware of the existence of the Broadribb Report. On June 30, 2017, Appellee filed a Motion to Compel Appellants to produce the Broadribb Report. The trial court scheduled a hearing on the Motion for August 23, 2017.

On August 23, 2017, the Honorable John M. Younge held a hearing on the Motion to Compel, at which counsel for the parties presented argument. No witnesses testified at the hearing and the parties did not move for the admission of any documentary evidence.[3] Appellants argued that the court

_____

[3] Pursuant to local rule, Appellants handed up to the court a written Response in Opposition to the Motion to Compel. Over Appellee's objection, the trial court subsequently entered Appellants' Response with attached exhibits and their Supplemental Brief into the record. **See** Docket Entry, 10/18/17. Attached as exhibits to the Response were the affidavit of Amy Donohue-Babiak, Esquire, Appellants' in-house counsel and the August 3, 2015 letter from Appellee's counsel advising Appellants' that Appellee had retained

- 4 -

should not compel production of the Broadribb Report because, *inter alia*, Appellants retained BakerRisk and Broadribb in anticipation of litigation, and, therefore, the Broadribb Report "absolutely falls under the consulting expert privilege."[4]   N.T., 8/23/17, at 18-19; **see also** [Appellants'] Response in Opposition to [Appellee's] Motion to Compel Broadribb Report, 10/19/17, at 4-5.  In particular, Appellants argued that Broadribb and BakerRisk were non-testifying expert consultants retained in anticipation of litigation, and that Appellee did not raise the existence of any "exceptional circumstance" entitling her to the Broadribb Report.  N.T., 8/23/17, at 19; **see also** Pa.R.C.P. 4003.5.

Appellee argued in opposition that the Broadribb Report did not constitute a privileged consulting expert report because Appellants, and not their attorneys, had hired BakerRisk.  Appellee, thus, concluded, that the Broadribb Report could not have been prepared in anticipation of litigation.  N.T., 8/23/17, at 21.  In further support of this theory, Appellee cited references in a post-accident investigation report produced by the Occupational Safety and Health Administration ("OSHA") to Appellants having hired BakerRisk to conduct an independent evaluation of the accident.  N.T., 8/23/17, at 15-16, 21.  Appellee inferred from this reference that Appellants retained BakerRisk so they could negotiate a lower penalty from OSHA, and not in preparation for litigation.  ***Id.*** at 13, 21.

---

counsel, requesting the preservation of evidence, and indicating that he would like to inspect the accident site.

[4] Pa.R.C.P. 4003.5(a)(3).

At the conclusion of the hearing, Judge Younge granted Appellants permission to submit a supplemental brief in support of its arguments, but advised Appellee not to do so, and to "quit[] while you['re] ahead." *Id.* at 27-28. Appellants filed the supplemental brief, annexing various documents.

On September 28, 2017, the Honorable John M. Younge granted Appellee's Motion to Compel and ordered Appellants to produce the Broadribb Report. Appellants filed a timely appeal to this Court.

Subsequently, on January 9, 2018, Appellants filed a Motion for Protective Order seeking to preclude, *inter alia*, discovery by Appellee of information concerning Broadribb's investigation—including the contents of draft reports prepared by Broadribb, the conclusions reached by Broadribb, and the "participation of or provision of information" by Appellants' current or former employees in discovery concerning Broadribb's investigation. **See** Proposed Order annexed to Motion for Protective Order, 1/9/18. Appellants also sought an Order staying its compliance with the September 28, 2017 Order pending appeal, pursuant to Pa.R.A.P. 1701.

The trial court held a hearing on Appellants' Motion on February 21, 2018. At the hearing, Appellants' counsel argued that, pursuant to Pa.R.C.P. 4003.5, the facts and statements communicated to the BakerRisk investigators by Appellants' current and former employees during Broadribb's investigation, as well as any knowledge those employees have of the facts held or findings of Broadribb, were precluded from discovery. N.T., 2/21/18, at 11, 14-15.

- 6 -

Appellee's counsel disputed the applicability of Rule 4003.5, and instead suggested that the arguably operable rule is Rule 4003.3, which covers work product. *Id.* at 16. He argued that Appellee should be able to ask Appellants' employees facts or request documents from Appellants' employees such as:

> "Were you interviewed by [Broadribb]? When did the interview occur? Who else was there for the interview? What is your understanding of why you were being interviewed? How long did the interview last? Were there multiple interviews? Did you provide them? Did you provide them with documents for the interview? If so, where did you get the documents? Anything about the witness' role in the interview.
>
> Frankly, did you see the report from [Broadribb]? What facts or information did you learn from the report? Did that impact your working at the plant in a safe fashion?

*Id.* at 20-21. Appellee conceded that the court should not permit him to ask witnesses about any opinions they read in the Broadribb Report. *Id.* at 21.

On April 12, 2018, the Honorable Lisa M. Rau granted in part and denied in part Appellants' Motion for a Protective Order. In sum, Judge Rau's Order compelled "individuals who were questioned in the BakerRisk investigation" to answer questions about: (1) any communications they had had with BakerRisk investigators and the contents of those communications, except communications concerning the value or merit of legal claims, defenses, strategy, or tactics; (2) the extent of their participation in the BakerRisk investigation; (3) any information they learned about why BakerRisk was conducting an investigation; (4) any and all people who had seen any copies of the Broadribb Report, including drafts; and (5) whether and how they had

been shown or otherwise reviewed the Broadribb Report. Order, 4/12/18, at 1.

However, Judge Rau's April 12, 2018 Order protected the same people from answering questions concerning: (1) the contents of the Broadribb Report or any drafts of it; (2) any expert opinions that had been communicated to BakerRisk investgators; (3) any opinions or conclusions of BakerRisk investigators about the value or merit of legal claims, defenses, strategy, or tactics; and (4) any communications between Appellants' employees and legal counsel within the scope of counsel's representation. ***Id.*** at 2.

This timely appeal followed.

With respect to the appeal from Judge Younge's September 28, 2017 Order, Appellants' raise the following five issues, which we have reordered for ease of disposition:

1. Whether Judge Younge erred by granting [Appellee's] Motion to Compel, as the consulting expert's report and its drafts are protected pursuant to Pa.R.C.P. 4003.5(a)(3) since the consultant was retained in anticipation of litigation and [Appellants do] not presently intend to call him as a witness at trial, and the report is otherwise protected under the attorney-client and work-product privileges?

2. Whether Judge Younge erred in determining that BakerRisk was not specially retained by [Appellants] in anticipation of litigation or preparation for trial within the meaning of Rule 4003.5(a)(3)?

3. Whether Rule 4003.5(a)(3) precludes discovery of [Appellants'] consulting expert as [Appellee] never argued or proved "exceptional circumstances" whereby [Appellee] cannot discover the relevant facts by any other means, and there is

no evidence to support a belief that the consulting expert is the only source or that the information cannot be derived from the documents produced by [Appellants] and others, or through other discovery?

4. Whether [Appellants] waived the attorney-client or work-product privileges by virtue of a brief comment to OSHA investigators or otherwise, as Pennsylvania does not recognize subject matter waiver and there was no waiver on other grounds?

5. Whether Judge Younge erred by granting [Appellee's] Motion to Compel the consulting expert's report which was based upon [Appellee's] counsel's improper and unethical use of information from [Appellants'] inadvertently disclosed and privileged Case Evaluation Report, which is [Appellee's] only possible source for knowledge of the consultant's report, and which is subject to a protective order in this case?

Appellants' Brief at 11-12.

With respect to the appeal from Judge Rau's April 12, 2018 Order,

Appellants' raise the following two issues:

1. Whether Judge Rau erred by compelling [Appellants'] deponents to answer questions concerning all information provided to [Appellants'] consulting expert, which is not merely factual information known by the deponent but equivalent to the consultant's strategy, analysis[,] and "facts known and opinions held," thus protected from discovery by Rule 4003.5[(a)(3)] and the attorney-client and work-product privileges, and as these witnesses can and have been deposed as to any and all facts that they know?

2. Whether Judge Rau's Order is supported by her [O]pinion[,] which inaccurately and improperly suggests that [Appellants are] trying to insulate facts known **by** witnesses, but where the Order compels witnesses to provide facts and answer questions about what they communicated **to** BakerRisk?

Appellants' Brief at 12-13 (emphasis in original).

**September 28, 2017 Order of Judge Younge**

Each of Appellants' first three issues challenge Judge Younge's rejection of their claim that, pursuant to Pa.R.C.P. 4003.5, the Broadribb Report is privileged because it contains the "facts known or opinions held" of Appellants' non-testifying expert witness who Appellants' retained in anticipation of litigation. We, therefore, address these issues together.

Our standard of review in addressing the propriety of a discovery order is whether the trial court committed an abuse of discretion. *Gallo v. Conemaugh Health Sys., Inc.*, 114 A.3d 855, 860 (Pa. Super. 2015). However, whether a privilege protects a communication from disclosure is a question of law. *Saint Luke's Hosp. of Bethlehem v. Vivian*, 99 A.3d 534, 540 (Pa. Super. 2014). "Our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary as [the appellate] court may review the entire record in making its decision. With respect to factual conclusions, we may reverse the trial court only if its findings of fact are predicated on an error of law or are unsupported by competent evidence in the record." *Mastroni–Mucker v. Allstate Ins. Co.,* 976 A.2d 510, 517–18 (Pa. Super. 2009) (citations omitted). "The party invoking a privilege must initially set forth facts showing that the privilege has been properly invoked[.]" *Red Vision Sys., Inc. v. Nat'l Real Estate Info. Servs., L.P.*, 108 A.3d 54, 62 (Pa. Super. 2015) (citation omitted). "Once the invoking party has made the appropriate proffer, then the burden shifts to the party seeking disclosure to set forth facts showing that disclosure should be compelled either because the privilege has been waived or because an

- 10 -

exception to the privilege applies." ***Yocabet v. UPMC Presbyterian***, 119 A.3d 1012, 1019 (Pa. Super. 2015) (citing ***Red Vision***, ***supra***).

Pa.R.C.P. 4003.5(a)(3) provides, in relevant part, that a "party may not discover facts known or opinions held by an expert who has been retained or specifically employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial[.]"  Pa.R.C.P. 4003.5(a)(3).  "[**N**]**o** discovery of such a witness is permitted . . . unless there is an order of court.  To obtain this order of court, the inquirer must prove 'exceptional circumstances' under which there is no practical way to find the facts or opinions by some other means."  ***Id.***, Explanatory Cmt. 1978 (emphasis in original).

The disposition of these issues is dependent on Judge Younge's factual determination that Appellants did not retain BakerRisk and Broardribb as a non-testifying expert witness **in anticipation of litigation**.  As noted above, Judge Younge held a hearing on Appellee's Motion to Compel Production of the Broadribb Report.  However, the notes of testimony from the August 23, 2017 hearing reflect that, although Judge Younge heard the parties' argument as to whether Appellants had retained BakerRisk in anticipation of litigation or for some other purpose, the parties did not present the testimony of any witnesses or any other evidence to support their respective arguments.[5]

---

[5] Our review of the record indicates that only Appellants submitted evidence in support of their argument against production of the Broadribb Report.  In

Judge Younge, therefore, decided this question of fact, *i.e.* that Appellants did not retain BakerRisk's services in anticipation of litigation, without the benefit of a factual record. Trial Ct. Op., 4/2/18, at 3.[6]

Given that the trial court did not develop a factual record on this threshold issue, we are unable to determine whether Judge Younge's conclusion as to the nature of the relationship between Appellants and BakerRisk is "predicated on an error of law or [is] unsupported by competent evidence in the record." ***See Mastroni–Mucker***, 976 A.2d at 518. Accordingly, we are constrained to vacate Judge Younge's September 28, 2017 Order compelling production of the Broadribb Report, and remand for a hearing to develop a factual record.

In light of this disposition, and the interrelatedness of Judge Younge's September 28, 2017 Order and Judge Rau's April 12, 2018 Order, we likewise vacate the latter Order.

---

particular, Appellants included an affidavit of their in-house counsel, Amy Donohue-Babiak, Esquire, as an exhibit to their Response in Opposition to the Motion to Compel, and Attorney Donohue-Babiak's supplemental affidavit as an exhibit to their Supplemental Brief filed after the August 23, 2017 hearing. Appellants also included Appellee's counsel's August 3, 2015 letter and email correspondence between Attorney Donohue-Babiak and Appellee's counsel as exhibits to the Supplemental Brief. Judge Younge did not acknowledge in his Rule 1925(a) Opinion that he considered this evidence when granting Appellee's Motion.

[6] Similarly, our review of the record confirms that Judge Younge reached the factual conclusion that "exceptional circumstance[s] exist in this instance that require production" without developing a factual record. Trial Ct. Op., 4/2/18, at 3.

Orders vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/25/19